**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK
**SEPT. 18, 2013**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Case No.: 10-18799 (DHS) |
| **JOHN A. ROCCO CO., INC.,** | Judge: Hon. Donald H. Steckroth |
| Debtor. | |
| **STEVEN P. KARTZMAN, as Chapter 7 Trustee,** | Adv. No.: 12-01259 (DHS) |
| Plaintiff, | |
| v. | |
| **EMPIRE STATE BROKERS, et al.,** | |
| Defendants. | |

**OPINION**

**APPEARANCES:**

Mellinger Sanders & Kartzman, LLC
Adam G Brief, Esq.
101 Gibraltar Drive
Suite 2F
Morris Plains, New Jersey 07950
*Counsel for Trustee*

Richard Fogel, Esq.
Vernon Colonial Plaza
PO Box 747
Route 94
McAfee, New Jersey 07428
*Counsel for Defendant Empire State Brokerage*

Teich Groh
Brian W. Hofmeister, Esq.
691 State Highway 33
Trenton, New Jersey 08844
*Counsel for Interested Party*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Steven P. Kartzman, as Chapter 7 Trustee of the debtor, John A. Rocco Co., Inc. ("Trustee"), seeks summary judgment on Counts One and Five of the Complaint against Empire State Brokers ("Empire" or "Defendant"), filed to avoid and recover two transfers totaling $46,323.08, that were made within ninety (90) days prior to the bankruptcy filing ("Motion"). Empire opposed the motion and filed a cross-motion for summary judgment arguing that the transfers involved were not property of the estate and that Empire was a mere conduit.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Empire is a wholesale insurance broker that bound policies for John A. Rocco Co., Inc. ("Debtor"). Between December 18, 2009 and December 23, 2009, Empire sent premium payments to the Debtor's clients, after receiving checks drawn from the Debtor's trust account and earmarked to bind policies for those clients. (Cert. of Brian Samway ("Samway Cert."), ¶ 10) Empire deposited the checks it received from the Debtor into its own account, but those checks were returned for insufficient funds ("ISF"). (Samway Cert., ¶ 12) After learning of the bounced checks, the Debtor made payments to Empire on January 19, 2010, totaling $46,323.08 (hereafter known as the "January Transfer"), by means of a wire transfer of $42,552.03 and a $3,771.05 check. (Cert. of Steven P. Kartzman ("Kartzman Cert."), ¶ 5) These transfers settled

3

the balance on the Debtor's account resulting from the dishonored transfer made in December. (Samway Cert. ¶ 25)

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2010. (Kartzman Cert., ¶ 2) The case was converted to Chapter 7 on February 7, 2012, and Steven P. Kartzman ("Trustee") was appointed Chapter 7 Trustee. (*Id.*) The Trustee brought an action against Empire to recover the funds from the January Transfer, believing them to be a preferential transfer that should be avoided. (*Id.* at ¶ 12) Empire opposed the motion and filed a cross-motion for summary judgment, asserting that it was acting as a mere conduit.

## **DISCUSSION**

The Motion for summary judgment is grounded on the argument that the payments wired to Defendant after the initial checks were returned for ISF were transfers of an interest in property of the estate and are thus subject to avoidance. The Trustee argues that the commingling of Debtor funds with the trust funds rendered the funds property of the estate subject to avoidance. The Defendant counters that the mere conduit defense affords it protection from the Trustee's avoidance powers. The Trustee contends that the transfers by the Debtor to the Defendant were reimbursements for sums it had advanced to insurers on behalf of the Debtor and, therefore, the Defendant cannot be a conduit.

The issues raised in this case are largely similar to those addressed in this Court's opinion in *Kartzman v. Peachtree Special Risk Brokers* (*In re John A. Rocco Co., Inc.*), 2013 WL 1867909 (Bankr. D.N.J. May 1, 2013). While the funds in this case are shown to have originated from the same commingled account, making them property of the estate absent a trace, the timeline with regard to the advanced payments and reimbursements is significantly different. Additionally, during oral argument, the Trustee raised the issue that Empire was precluded from

4

asserting a conduit defense because the original transfer fell outside the 90-day preference period and the reimbursing transfer occurred within the 90-day period. With the exception of the novel issue raised by the Trustee regarding the conduit defense, this Court relies upon its prior opinion in *Peachtree*, 2013 WL 1867909, in its entirety.

**I.   Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek,* 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne,* 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.,* 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss,* 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party

will bear the burden of proof at trial.'" *Cardenas v. Massey,* 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.,* 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick,* 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson,* 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson,* 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.,* 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.,* 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

**II.     The Conduit Defense**

Under Section 550(a) of the Bankruptcy Code, "the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from the initial transferee of such transfer or the entity for whose benefit such a transfer was made."  11 U.S.C. § 550(a)(1).  While the term "initial transferee" is not defined within the Bankruptcy Code, courts within the Third Circuit have applied the "dominion and control," or "conduit," test articulated by the Seventh Circuit to determine whether a defendant is a mere conduit or "something more." *In re Lenox Healthcare, Inc.*, 343 B.R. 96, 103 (Bankr. D. Del. 2006) ("To be a mere conduit, a defendant must establish that it lacked dominion and control over the transfer because the payment simply passed through its hands and it had no power to redirect the funds to its own use.").

In *Peachtree*, this Court denied defendant's motion for summary judgment which sought to dismiss the counts of trustee's complaint that claimed certain transfers were preferential, finding the transferee, Peachtree, was not a mere conduit. *Peachtree*, 2013 WL 1867909.  In that case, partial payments were made by the Debtor to Peachtree in August of 2009, and the policies on the account of which those partial payments were made were subsequently cancelled in September of 2009. *Id.* at *1.  Peachtree then made payments in October 2009 on behalf of those cancelled policies. *Id.* at *2.  Peachtree was not reimbursed by the Debtor until January of 2010, at which time the policies were reinstated. *Id.*  The facts the Court found relevant were that Peachtree advanced payments for the premiums on already cancelled policies and then was not reimbursed for almost four months. *Id.* at *9.  Furthermore, at the time of reimbursement and reinstatement, the terms of the fees charged by Peachtree had been amended.  Under those

circumstances, the Court found that Peachtree had become a creditor, the reimbursements by the Debtor were on account of an antecedent debt, and, thus, Peachtree was not a mere conduit. *Peachtree*, 2013 WL 1867909, at *10.

Here, Empire made payments as soon as it began to receive checks from the Debtor. After Empire deposited the checks, it realized that the Debtor's funds were insufficient. (Kartzman Cert., ¶ 5) Unlike *Peachtree*, the Debtor immediately made new payments to Empire to cover the returned checks. These facts are more similar to those of *Andreini & Co. v. Pony Express Delivery Services*, 440 F.3d 1296 (11th Cir. 2006), which this Court discussed in *Peachtree* and distinguished from the facts of the Peachtree transfers based on the timing of the payments. In *Pony Express*, the insurance broker made no payments until it had received the checks from the insurance agent, thereby making it an inadvertent creditor. *Id.* at 1301-02. While Empire made payments before it received the checks from the Debtor, based on the facts considered in *Pony Express* and *Peachtree*, Empire was an inadvertent creditor as it made payments to the various insurance carriers with the anticipation that payment was forthcoming immediately.

The Trustee relies on *Morrison v. Champion Credit Corp.* (*In re Barefoot*), 952 F.2d 795 (4th Cir. 1991) to support its position that Empire's mere conduit defense is inapplicable because the original bounced checks were written outside of the 90-day preference period and the January Transfer—which covered the bad checks—occurred within the period. In *Barefoot*, a mobile home company entered into a financing agreement with a credit company for the purchase of mobile homes to be resold to the public. *In re Barefoot*, 952 at 797. The credit company loaned money to the mobile home company and took a purchase money security interest in a portion of its inventory. *Id.* After receiving a check for $133,538.00, the credit company released the

8

certificates of origin for five mobile homes on April 20, 1987. *Id*. On April 30, 1987, the credit company was notified the check had bounced. *Id*. Subsequently, the mobile home company made three wire transfers to the credit company's parent company to make up for the dishonored check on May 13, 1987, May 29, 1987, and June 3, 1987, totaling $109,664.07. *Id*. On August 5, 1987, an involuntary petition was filed on behalf of the mobile home company and the trustee brought an action against the credit company to avoid the three wire transfers that occurred during the 90-day preference period. *Id*.

The court held that "the prior receipt of a bad check cannot provide the basis for allowing an unsecured creditor to escape the reach of a trustee's avoidance powers," making it clear that the date of an original bad check does not have the effect of taking a transaction beyond the 90-day preference period to permit a creditor to preserve the funds from the transaction in question. *Id*. at 802. In the case at bar, the issue is not whether a check date pushes a potential preference beyond the reach of the Trustee's avoidance powers, but whether a dishonored check written prior to the preference period and subsequently covered within the preference period precludes the assertion of the conduit defense. *Barefoot* offers no guidance as to this issue and therefore does not support the Trustee's position.

Additionally, in *Barefoot*, it was undisputed that the credit company, the alleged recipient of the preferential transfers, was in fact a creditor of the debtor. The credit company's status as a creditor is evidenced by its loan agreement with the debtor, its reservation of the right to demand repayment of those funds at any time, and the court's plain description of the parties as maintaining "nothing more than a traditional debtor-creditor relationship." *Id*. at 799. In contrast, whether Empire is a creditor is precisely the issue to be determined in this adversary proceeding. Unlike other recipients of debtor transfers that have been deemed creditors, Empire

received funds from the debtor, over which it exercised no dominion or control, and it never intended to become a creditor of John A. Rocco Co., Inc., inadvertently or otherwise. *See Peachtree*, 2013 WL 1867909; *Cf. Pony Express*, 440 F.3d 1296. Further, the holding of *Barefoot* speaks directly to unsecured creditors in an avoidance action. This holding does not apply to Empire because it is not a creditor. *Id*. Finally, the mere conduit defense was never raised in *Barefoot*, further emphasizing its lack of guidance.

Because the present case is legally and factually distinguishable from *Barefoot*, *Barefoot's* holding cannot be used to support the Trustee's position. The legal significance of a bounced check in *Barefoot* is unrelated to the applicability of the mere conduit defense in this case. *Barefoot's* significance is further reduced as it is applied to a creditor in an avoidance action. Its holding, therefore, is not applicable to prevent Empire from asserting the mere conduit defense.

## CONCLUSION

In summary, the Court finds that the funds transferred from the Debtor's trust account were property of the estate. However, Empire was not an initial transferee of those funds within the meaning of Section 550(a) of the Bankruptcy Code. For these reasons, the Trustee's Motion is denied and Empire's Cross-Motion is granted. An Order in conformance with this Opinion has been entered and a copy attached.

*s/ Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: September 18, 2013